CASE NO. 3:21-02268-S

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

HIGHLAND CAPITAL MANAGEMENT LP

(Debtor)

THE DUGABOY INVESTMENT TRUST AND
GET GOOD TRUST

(Appellants)

v.

HIGHLAND CAPITAL MANAGEMENT LP

(Appellee)

On appeal from the United States Bankruptcy Court for the Northern District of Texas, Dallas Division

**APPELLANTS' RESPONSE TO**
**APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**

Filed by Heller, Draper & Horn, LLC
Douglas S. Draper
Leslie A. Collins
Michael E. Landis
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3300
Email: ddraper@hellerdraper.com
Email: lcollins@hellerdraper.com
Email: mlandis@hellerdraper.com

Appellants, Dugaboy Investment Trust ("Dugaboy") and the Get Good Trust ("Get Good", in accordance with Federal Rule of Bankruptcy Procedure 8013 and Local Rule 7.1, respectfully file this Response to Appellee's Motion to Dismiss Appeal as Moot. Although Appellants may have dismissed their direct prepetition claims against the Debtor, Highland Capital Management, L.P. (the "Debtor" or "Highland"), Dugaboy still owns a significant interest in some of the very entities that would have been involved in the Rule 2015.3 Reports, had they been filed. Because one of the purposes of the Rule 2015.3 Reports, in addition to assisting prepetition creditors, is to provide a complete accounting of all transactions involving non-debtor affiliates of the Debtor to determine any *post-petition* claims that may exist, Dugaboy still has both a substantive and pecuniary interest in the production of the 2015.3 Reports.[1]

Appellee seems to take the stance that no one (not even the Bankruptcy Court) needs to see what happened behind the scenes during the bankruptcy case and that the Bankruptcy Court, the United States Trustee, and all interest holders in the non-debtor affiliates (including Dugaboy) need to just zip it and stay quiet. Although the majority of the unsecured creditors may have accepted the Plan of Reorganization, that does not mean that the Bankruptcy Court's Order denying the Motion to Compel as moot did not harm the interest holders in the non-debtor affiliates—who are also affected by the Rule 2015.3 Reports. At the very least, amount of Dugaboy's pecuniary interest in the bankruptcy estate cannot be known because the Debtor has refused to provide the Rule 2015.3 Reports as required under the Bankruptcy Code and the Bankruptcy Court has denied Dugaboy the right to examine those reports. That is the point of this appeal: to determine what claims against the estate exist which arose from transactions with

[1] The Appellants concede that due to the dismissal of Get Good's claim and the lack of an ownership interest in any of the non-debtor affiliates or the Debtor, it has lost standing and consents to the dismissal of Get Good **only**.

the non-debtor affiliates—a determination that was foreclosed because of the Bankruptcy Court's Order rendering production of the 2015.3 Reports moot.

**Dugaboy has a Direct Pecuniary Interest in the Production of the Rule 2015.3 Reports**

As outlined in the Appellants' Brief, at the confirmation hearing before the Bankruptcy Court, the Appellants raised the fact that the Debtor, after over a year, had not filed a single report as required under Federal Rule of Bankruptcy Procedure 2015.3. The explanation provided by the Debtor's Chief Restructuring Officer, James Seery, was that the reports simply slipped through the cracks and seemed to imply that once brought to the Debtor's attention, it would provide them. Needless to say, that did not occur, which prompted the subject Motion to Compel Compliance with Rule 2015.3, the Bankruptcy Court's final Order rendering the issue moot, and the instant appeal.

The Debtor's Motion to Dismiss is nothing more than an attempt to muddy the water and confuse the issues that are actually before this Court. While the amount of Dugaboy's claim against the estate is contingent upon the contents of the Rule 2015.3 Reports that were never produced, the issue here is the fact that Dugaboy was denied the right to even assert a claim in the first place due to the Bankruptcy Court's ruling that the Debtor would not be required to produce the Rule 2015.3 Reports at all. The Bankruptcy Court's Order caused actual and direct harm to Dugaboy by taking away that right to assert a claim based on the transactions that would be disclosed in the Rule 2015.3 Reports.

The Debtor correctly points out that in bankruptcy matters, a more exacting standard is applied to determine standing. That is, in order to have standing, a party must meet the "person aggrieved" test, which requires that the appellant show that it is directly and adversely affected

pecuniarily by the order of the bankruptcy court.[2] The Debtor relies, primarily, on *Matter of Technicool Sys., Inc.*, 896 F.3d 382 (5th Cir. 2018), which denied standing to the debtor's owner, Robert Furlough, who's complained grievance was that the same firm who represented one of the estate's creditors was also representing the estate's chapter 7 trustee in its effort to consolidate claims and pierce the corporate veil against several of the owner's other non-debtor companies. The principal argument asserted by Furlough was that the firm may fail to disclose problems with the creditor's claims against the estate on account of its dual representation, which could harm the overall recovery to the unsecured creditors, which, in turn, would harm any potential recovery to him, as an equity holder.[3] The Fifth Circuit found this too tenuous and stated that while that scenario was a possibility, "it would not be a direct result of this appeal."[4]

The same cannot be said in the instant matter. The harm visited upon Dugaboy (as an owner of the non-debtor affiliates) is that it has *actually* been denied an opportunity to determine whether or not a claim against the estate exists. In other words, the Bankruptcy Court's Order denying the Motion to Compel as moot directly affected Dugaboy's rights. The extent of the pecuniary effect on Dugaboy's pocket is unknown because the Bankruptcy Court never bothered to allow proper examination through the production of the Rule 2015.3 Reports.

Other cases cited in the Debtor's Motion to Dismiss are also easily distinguished from the instant case. In *Harriman v. Vactronic Sci, Inc. (In re Palmaz Sci., Inc.)*, 262 F.Supp 3d 428 (W.D. Tex. 2017), the appellant in that case was found to have lacked standing because she never even filed a proof of claim in the case much less made an objection to the confirmed plan.

---

[2] *See, Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, 395 F.3d 198, 202–03 (5th Cir. 2004).

[3] *Id.* at 386.

[4] *Id.*

"If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect or implore the bankruptcy court to address the issues raised by the motion or proceeding for a second time," and will lack standing to appeal that decision." *Id.* at 435 *quoting In re Ray,* 597 F.3d 871, 874 (7th Cir. 2010). The Appellants, as the Debtor points out, have been active participants in the bankruptcy case and, in fact, did object to the Plan of Reorganization and raised the issue that the Rule 2015.3 Reports were not filed with the Bankruptcy Court at the confirmation hearing and in its Motion to Compel. It simply cannot be said that Dugaboy failed to make its concerns known to the Bankruptcy Court.

Similarly, in *Coho Energy*, the appellant claimed injury based on a settlement that the debtor reached in a contract dispute in which dispute the appellant had previously represented the debtor and was subsequently replaced by other counsel. The dispute at the heart of the appeal was over the fees awarded to both the appellant and subsequent counsel from the settlement. The original counsel complained that the amount of the attorneys fees awarded to the subsequent counsel was excessive and that the excessive award diminished the amount that would be available for its own fees. The settlement awarded $8.5 million to the estate.[5] Of that, $1.7 million was awarded to the former shareholders and $2.3 million was awarded to the subsequent firm, leaving approximately $4.5 million left for the appellant/original counsel's fees.[6] By the appellant's own admission, the high-end estimate of its fees was $3.4 million (substantially less than the $4.5 million left of the settlement funds). As such, the Fifth Circuit found that

[5] *Coho Energy*, 395 F.3d at 203.

[6] *Id.*

"Thomas's conjectural injury as a claimant to the fund … is too tenuous to support 'aggrieved person' standing."[7]

As stated above, Dugaboy's injury in this appeal is far from conjectural. The harm is actual in that Dugaboy (and all other interest holders in the non-debtor affiliates) was denied the opportunity to even examine whether a claim exists. Nor can the possibility of post-petition claims be considered conjectural. In fact, the United States Supreme Court considered the possibility of claims arising from transactions with non-debtor affiliates plausible enough to create a rule that requires certain disclosures that would reveal such transactions: ***Rule 2015.3***.

A case that was distinguished by the *Coho Energy* court is *Ergo Science, Inc. v. Martin*, 73 F.3d 595 (5th Cir. 1996), which is more applicable to the instant case. In *Ergo*, the appellant, ETI, was a claimant to a fund. The district court held that ETI had waived all claims against the fund in oral argument at the bankruptcy court. ETI appealed that order. At the Fifth Circuit, the standing of ETI was challenged on the grounds that its interest in the fund was too speculative. However, as the Fifth Circuit noted, the issue was not the contingent nature of the claimant's interest in the fund, rather, the issue was whether the claimant was denied its right to assert an interest in the first place.

> This dispute involves a potential claimant to the fund, not the stakeholder, and the very issue on appeal is whether ETI has waived its interest in the interpleaded funds or not. The district court's judgment decrees that ETI has no interest or right to the interpleaded funds. ETI, therefore, has standing to challenge this order because it is not faced with a hypothetical or indirect injury as in *Rohm*, but a real and immediate injury.[8]

---

[7] *Id.*

[8] *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 597 (5th Cir. 1996).

That is the precise scenario at issue in this appeal. By not requiring the Debtor to make the Rule 2015.3 disclosures, the Bankruptcy Court denied Dugaboy (and the non-debtor affiliates in which it owns an interest) the right to assert post-petition claims against the estate. Just as in *Ergo*, this is not a hypothetical or indirect injury. Rather, this is a real and immediate injury to Dugaboy.

**Dugaboy's Standing Has Not Gone Away**

In the Motion to Dismiss, the Debtor makes much over the fact that the Appellants' claims against the estate were dismissed, but it failed to address the statement in the Appellants' Brief that Dugaboy holds an ownership interest in several of the entities for which Rule 2015.3 Reports should have been filed. As an owner of those entities, any causes of action that arose during the bankruptcy case between the Debtor and those entities would have a direct effect on Dugaboy's pocketbook. While Dugaboy's claims against the Debtor may have been dismissed, its ownership interest in the non-debtor affiliates still exists and its pecuniary interest in those entities and any claims against the estate also exists.

Furthermore, Dugaboy is a contingent beneficiary under the terms of the Plan. As a former equity interest holder in the Debtor, Dugaboy is entitled to payment after all creditors are paid in full. How can the Debtor credibly argue that a contingent beneficiary under the Plan of Reorganization has no standing to appeal an order directly affecting the implementation of the Plan?

**Conclusion**

The Bankruptcy Court's Order denying the Motion to Compel as moot directly harmed Dugaboy by taking away their right to even examine whether there exists a post-petition claim against the estate by the non-debtor affiliates. The propriety of that order is what is on appeal to

this Court. This is an actual and direct harm to Dugaboy as an interest holder in the non-debtor affiliates. The potential amount of those claims is not at issue as that was never decided. The harm complained of is the deprivation to examine the disclosures that would have been provided by the Rule 2015.3 Reports had they been filed.

As such, Dugaboy respectfully requests that this Court deny the Motion to Dismiss Appeal as Moot as to Dugaboy and move forward with a determination of whether the Bankruptcy Court's Order was proper in the first place.

**CERTIFICATE OF COMPLIANCE**

In compliance with Rules 8013(f), I hereby certify that this document complies with the type-volume limit of Fed. R. Bankr. P. 8013(f)(3) because this document contains 2000 words.

Dated January 5, 2022:

*/s/Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Michael E. Landis, La. Bar No. 36542
mlandis@hellerdraper.com

Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for Appellants*
*The Dugaboy Investment Trust and*
*The Get Good Nonexempt Trust*

**CERTIFICATE OF SERVICE**

I, Douglas S. Draper, hereby certify that on January 5, 2022, this Response was served electronically upon all parties registered to receive service in this case via the Court's CM/ECF system.

*/s/ Douglas S. Draper*
Douglas S. Draper