Case No. 3:21-cv-2268-S

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

In re: Highland Capital Management, L.P.,

     Reorganized Debtor.

THE DUGABOY INVESTMENT TRUST and THE GET GOOD TRUST,

Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## REPLY IN SUPPORT OF
## APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

Appellee Highland Capital Management, L.P. ("**Highland**") respectfully replies to Appellants' *Response* [Doc. #15] to Highland's motion [Doc. #12] (the "**Motion**") for an order dismissing as constitutionally moot Appellants' appeal from the Bankruptcy Court's *Order Denying Motion to Compel Compliance with Bankruptcy Rule 2015.3* (the "**Order**"). The Court should strike the Response as untimely. The Court should grant the Motion and dismiss this appeal as moot because the Appellant lacks standing under controlling Fifth Circuit precedent ignored by the Response.[1]

## Response Is Untimely

Appellant has violated the very rule—Federal Rule of Bankruptcy Procedure 8013—that it correctly cites in the very first sentence of its Response. Appellant filed its Motion on December 15, 2021. Under Bankruptcy Rule 8013(a)(3)(A), the Response was due to this Court "within 7 days after service of the motion"—here, December 23, 2021. Instead, Appellant did not file its Response until two weeks later on January 5, 2022.

Rules of procedure, promulgated by the United States Supreme Court, and the deadlines they impose, are important. Appellant is represented by experienced counsel who has no excuse for missing the clear deadline in Bankruptcy Rule

---

[1] In their Response, Appellants have consented to the dismissal of the appeal as to putative Appellant Get Good Trust. Accordingly, Appellee will refer to "Appellant" rather than "Appellants."

8013(a)(3)(A) deadline by two weeks. The Court should disregard the Response entirely for this reason alone.

### Appellant Lacks Standing

Appellant acknowledges, as it must, that it has no claims against the Highland bankruptcy estate. Appellant also does not dispute that its *de minimis* 0.1866% pre-bankruptcy limited partnership interest in Highland, which was extinguished under Highland's plan of reorganization, fails to confer appellate standing. Appellant has no standing under the Fifth Circuit's "person aggrieved" standard for bankruptcy appellate standing.[2]

Appellant's entire argument for standing is based on its alleged "ownership interest in several of the entities for which Rule 2015.3 Reports should have been filed."[3] Owning interests of non-debtor affiliates of a Chapter 11 debtor does not

---

[2] Appellant intimates in the Response that its pre-bankruptcy limited partnership interest in Highland makes it a contingent beneficiary of the creditor trust created under Highland's confirmed plan of reorganization, and it is that attenuated, speculative interest that gives it standing. The Fifth Circuit cases cited in the Motion and below make clear that such a remote, contingent, and inchoate pecuniary interest is insufficient to confer standing on a bankruptcy appellant.

[3] Appellant fails to provide this Court, just as it failed to provide the bankruptcy court, with any evidence regarding what interests it purportedly holds in non-debtor Highland affiliates. This is Appellant's sole basis for claimed standing, yet it declines to even articulate an evidentiary basis for it. Additionally, this would-be basis for standing ignores the contractual requirements for obtaining information contained in those affiliates' governance documents. Attempting to use Bankruptcy Rule 2015.3 in a way Congress never intended—to extract more information from the entities in which Appellant claims to be invested than it is contractually entitled to—is attempting to use Bankruptcy Rule 2015.3 as a fishing-expedition-level discovery mechanism. There exists no judicial or legislative support for using Bankruptcy Rule 2015.3 in this fashion.

even come close to making Appellant "directly and adversely affected pecuniarily by the order of the bankruptcy court.'"[4]

In a desperate attempt to persuade the Court that it has standing nonetheless, Appellant claims that Bankruptcy Rule 2015.3 is intended to provide non-debtor affiliates of a Chapter 11 debtor with information about those same affiliates' "value, operations, and profitability.…"[5] Appellant's argument—that Bankruptcy Rule 2015.3 requires a debtor to provide information about non-debtor affiliates to those same non-debtor affiliates—is not supported by the plain language of the rule or the legislative history associated with the rule's enactment. To the contrary, the legislative history explains that Congress intended Bankruptcy Rule 2015.3 to ensure that the debtor's assets are used for the payment of allowed claims:

> **PURPOSE** — the purpose of the rules and reports under [subsection 2015.3(a)] shall be to assist parties in interest taking steps to ensure that the debtor's interest in any interest referred to in subsection (a)(2) *is used for the payment of allowed claims against the debtor.*[6]

---

[4] *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004) (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)); *see also Dish Network Corp. v. DBSD N. Am. (In re DBSD N. Am.)*, 634 F.3d 79, 88-89 (2d Cir. 2010) ("an appellant must be 'a person aggrieved' …. An appellant … must show not only 'injury in fact' under Article III but also that the injury is 'direct[]' and 'financial'"), quoting *Kane v. Johns Manville Corp.*, 843 F.3d 636, 642 & n.2 (2d. Cir. 1988); *see also Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 426 (5th Cir. 2021) (same).

[5] Bankruptcy Rule 2015.3(a).

[6] Bankruptcy Abuse Prevention & Consumer Protection Act, Pub L. No. 109-8 § 409(b) (2005) (emphasis added).

Appellant is not a creditor. Appellant has no "allowed claims against the debtor." As such, Appellant cannot possibly be aggrieved by the bankruptcy court's order on appeal here because the order only affected reports whose purpose is to assist creditors.

Appellant's "real and immediate injury," says the Response, arises because, "[b]y not requiring the Debtor to make the Rule 2015.3 disclosures, the Bankruptcy Court denied Dugaboy (and the non-debtor affiliates in which it owns an interest) the right to assert post-petition claims against the estate." The Court should reject this argument for at least two reasons.

Appellant never raised this argument in the bankruptcy court. It argues here, for the first time, that it needed the information in Rule 2015.3 reports—not because of its interest as a creditor or equity holder in Highland but because of its alleged interests in non-debtor affiliates of Highland—to file administrative expense claims. By not raising this substantive argument either in the bankruptcy court or in its brief in this appeal, Appellant has waived the argument and should not be permitted to raise it here.[7]

---

[7] *All Trac Transp., Inc. v. Transp. All. Bank (In re All Trac Transp., Inc.)*, No. 3:04-CV-1759-D, 2005 U.S. Dist. LEXIS 44242 (N.D. Tex. July 28, 2005) (Fitzwater, J.), *aff'd All Trac Transp., Inc. v. Transp. Alliance Bank (In re All Trac Transp., Inc.)*, 2006 U.S. App. LEXIS 32092 (5th Cir., Dec. 29, 2006).

Moreover, October 11, 2021, was the deadline to file requests for payment of administrative expense claims.[8] Appellant neither filed such a request nor sought an extension of that deadline from the bankruptcy court while this appeal was pending. To the contrary, Appellant filed a series of claims against the bankruptcy estate, both in connection with debts allegedly owing prepetition and the debtor's post-petition conduct, all of which have been expunged with Appellant's consent.[9]

Only by misconstruing the Congressional purpose behind Bankruptcy Rule 2015.3 and ignoring the long-passed administrative expense claims deadline can Appellant articulate some attenuated interest in the bankruptcy court's order or this appeal. But even that construct falls well short of what the Fifth Circuit requires for prudential standing. "This speculative prospect of harm is far from a direct, adverse, pecuniary hit. [Appellant] must clear a higher standing hurdle: *The order must burden his pocket **before** he burdens a docket.*"[10] The bankruptcy court's order did not, does not, and cannot affect Appellant's wallet.

---

[8] Bankruptcy Docket No. 2700. A debtor's obligation to file reports under Bankruptcy Rule 2015.3 ceases on the plan's effective date, which was August 11, 2021. *Id.* Even if Appellant believed it had post-effective date claims to file, Bankruptcy Rule 2015.3 reports would have been unavailable in any regard.

[9] Bankruptcy Docket Nos. 2965, 2966, and 3007.

[10] *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 384–85 (5th Cir. 2018) (emphasis added). The Fifth Circuit again strongly reiterated this approach just one month ago in *Dean v. Seidel (In re Dean)*, No. 21-10468, 2021 U.S. App. LEXIS 36022 at *3–4 (5th Cir. Dec. 7, 2021) (a reported decision that has not yet been included in the Fed.4th reporter), explaining that the "person aggrieved test … an even more exacting standard than traditional constitutional standing," requires "that the *order* of the bankruptcy court must directly and adversely affect the appellant pecuniarily" (quoting *Fortune Nat. Res. Corp. v. United States DOI*, 806 F.3d 363, 367 (5th Cir.

## Conclusion

Appellant's Response is untimely and meritless. Appellant has no standing to prosecute this appeal, rendering this appeal constitutionally moot. This Court should dismiss this appeal.

Dated:  January 12, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            jkroop@pszjlaw.com
            gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

---

2015)) (emphasis in original); "Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets."

## CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Reply complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Reply contains 1,448 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 12, 2022, a true and correct copy of the foregoing Reply was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable