# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| THE DUGABOY INVESTMENT TRUST and GET GOOD TRUST<br>　　Appellants,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>　　Appellee. | § § § § § § § § § § | CIVIL ACTION NO. 3:21-CV-2268-S |
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>　　Debtor. | § § § § § | CASE NO. 19-34054-sgj11 |

## ORDER

Before the Court is Appellee's Motion to Dismiss Appeal as Moot ("Motion to Dismiss") [ECF No. 12]. The Court has reviewed and considered the Motion to Dismiss, Appellants' Response to Appellee's Motion to Dismiss Appeal as Moot ("Response") [ECF No. 15], Reply in Support of Appellee's Motion to Dismiss Appeal as Moot [ECF No. 16], Appellants' Sur-Reply to Appellee's Motion to Dismiss Appeal as Moot [ECF No. 22], the record on appeal ("Record") [ECF No. 9], and the applicable law. For the following reasons, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** this appeal for lack of jurisdiction.

### I.   BACKGROUND

This bankruptcy appeal arises from the bankruptcy court's denial of the Motion to Compel Compliance with Bankruptcy Rule 2015.3 (the "Motion to Compel") filed by Appellants The Dugaboy Investment Trust ("Dugaboy") and Get Good Trust ("Get Good") (collectively, "Appellants"). R. vol. 2 at 421. Appellee Highland Capital Management, L.P. ("Appellee" or

"Debtor") initiated the underlying Chapter 11 bankruptcy proceeding in October 2019. Dugaboy subsequently filed three proofs of claim in April 2020, including a proof of claim as a purported "successor in interest" to Canis Major Trust. Around the same time, Get Good also filed three proofs of claim, including two as a purported "successor in interest" to Canis Major Trust.

In the meantime, Debtor filed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan") in January 2021, and the bankruptcy court held a Plan confirmation hearing in February 2021. R. vol. 1 at 290. At the hearing, Appellants raised the issue of Debtor's failure to file any reports as required under Bankruptcy Rule 2015.3, which requires debtors to file "periodic financial reports of the value, operations, and profitability" of each non-debtor entity in which the debtor "holds a substantial or controlling interest." FED. R. BANKR. P. 2015.3(a). The bankruptcy court confirmed the Plan over Appellants' objections and entered the Confirmation Order on February 22, 2021. R. vol. 1 at 290.

Three months later, Appellants filed the Motion to Compel. R. vol. 2 at 421. Debtor filed its opposition, and the bankruptcy court conducted a hearing on the Motion to Compel on June 10, 2021. R. vol 1. at 356. Following the hearing, the bankruptcy court issued a minute order providing that (1) the hearing on the Motion to Compel would be continued to September 2021; (2) if the Plan effective date occurred before the hearing, the matter would become moot; and (3) if the Plan effective date had not occurred by the hearing, the court would consider the Motion to Compel further. *Id.* at 357. However, the Plan became effective on August 11, 2021, and the bankruptcy court therefore issued its Order Denying Motion to Compel Compliance with Bankruptcy Rule 2015.3 ("Order") on September 6, 2021. R. vol. 1 at 10. Appellants filed their notice of appeal of the Order on September 22, 2021. *See* Notice of Appeal [ECF No. 1].

After this appeal was filed, however, all of the proofs of claim filed by Dugaboy and Get Good were withdrawn with prejudice. Specifically, on October 27, 2021, with Dugaboy's consent, the bankruptcy court entered orders withdrawing two of the Dugaboy claims with prejudice, and on November 10, 2021, the bankruptcy court entered an order approving a stipulation between Dugaboy and Debtor withdrawing the third Dugaboy claim with prejudice. *See In re Highland Capital Management, L.P.*, (Bankr. N.D. Tex. Oct. 16, 2019), ECF Nos. 2965, 2966, 3007. Similarly, on November 10, 2021, all three of the Get Good claims were withdrawn with prejudice either by consent or pursuant to stipulation by Get Good. *Id.*, ECF Nos. 3008, 3009, 3010.

Shortly after all of Appellants' claims were withdrawn, Appellee filed its Motion to Dismiss, asserting that this appeal is constitutionally moot for lack of standing.

## II.  LEGAL STANDARD

Standing to appeal a bankruptcy court decision is a question of law. *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018). Compared to traditional Article III standing, "standing to appeal a bankruptcy court order is, of necessity, quite limited." *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021). The Fifth Circuit applies the "person aggrieved" test, which imposes a "more exacting standard than traditional constitutional standing." *Id.* The "person aggrieved" test "demands a higher causal nexus between act and injury," and requires an appellant to show that she is "directly and adversely affected pecuniarily by the order of the bankruptcy court." *In re Coho Energy Inc.*, 395 F.3d 198, 202-03 (5th Cir. 2004) (citations omitted). It is not enough that an appellant is directly impacted by "the proceedings more generally." *In re Dean*, 18 F.4th at 844. Rather, to have standing, the exact order being appealed must "directly affect [appellants'] wallets." *Id.* Such a narrow standing inquiry "ensur[es] that only those with a direct, financial stake in a given order can appeal it." *Technicool*, 896 F.3d at 386. As the Fifth Circuit has observed, "in bankruptcy

litigation, as in life, 'the more money we come across, the more problems we see.'" *Id.* (quoting NOTORIOUS B.I.G., *Mo Money Mo Problems*, on LIFE AFTER DEATH (Bad Boy/Arista 1997)).

Standing must exist both at the commencement of the litigation and throughout its existence. *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (internal alterations and quotation marks omitted)). A case becomes moot when a party loses standing, as "there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Id.* (citation omitted). And when a case becomes moot, the court loses its "constitutional jurisdiction to resolve the issues it presents." *Id.* (citing *Hogan v. Miss. Univ. for Women*, 646 F.2d 1116, 1117 n.1 (5th Cir. 1981)).

### III. ANALYSIS

Appellee asserts that while Appellants had standing at the commencement of the appeal, they lost that standing when all of their claims were withdrawn on November 10, 2021, because at that point they were no longer creditors. Appellants concede that Get Good has lost standing to pursue the appeal,[1] but contend that Dugaboy still has standing because it owns an interest in some of the entities for which Rule 2015.3 reports would have been required. Dugaboy claims that because the purpose of requiring reports under Rule 2015.3 is to "provide a complete accounting of all transactions involving non-debtor affiliates of the Debtor to determine any post-petition claims that may exist," Dugaboy still has a pecuniary interest in the production of the 2015.3 reports themselves. Resp. 2.

The Court finds that Dugaboy is not "directly and adversely affected pecuniarily" by the Order as required to establish standing. *Coho*, 395 F.3d at 203. By withdrawing its remaining

---

[1] *See* Resp. 2 n.1 ("The Appellants concede that due to the dismissal of Get Good's claim and the lack of an ownership interest in any of the non-debtor affiliates or the Debtor, it has lost standing and consents to the dismissal of Get Good only.").

claims against Debtor, Dugaboy no longer has any pecuniary interest in the bankruptcy estate and therefore is not a "person aggrieved" by the Order. *Id.* While Dugaboy does not dispute that it is no longer a creditor of the estate, it asserts that its pecuniary interest is its ownership interest in the non-debtor affiliates and a potential recovery under the Plan as one of Debtor's former equity holders. In other words, Dugaboy's primary contention is that, but for the bankruptcy court's failure to compel Debtor to file retroactive reports regarding its ownership interests in non-debtor subsidiaries as of the bankruptcy petition date, Dugaboy might have used the information in those reports to investigate whether any post-petition claims exist against Debtor's estate by any non-debtor affiliates. But such an injury is precisely the type of "hypothetical or indirect injury" that the Fifth Circuit has consistently found insufficient to confer standing. *Coho*, 395 F.3d at 203 (quoting *Ergo Science v. Martin*, 73 F.3d 595, 597 (5th Cir. 1996)).

Further, even if Dugaboy did still have some claim to the estate, "[e]ven a claimant to a fund must show a realistic likelihood of injury in order to have standing." *Id.* There is no such likelihood here. Were the Court to reverse the Order, the effect of the bankruptcy court granting the Motion to Compel is simply that Debtor would be required to file retroactive reports regarding its ownership interests in non-debtor subsidiaries. It is unclear how post-dated reports disclosing years-old facts could lead to any direct recovery by a creditor, let alone recovery by a non-creditor with a purported ownership in non-debtor affiliates. This attenuated interest in a potential future outcome is not sufficient: "the order must burden [Dugaboy's] pocket before [it] burdens the docket." *Technicool*, 896 F.3d at 386.

Dugaboy also argues that it has standing as a "contingent beneficiary" under the Plan, or a beneficiary who will be entitled to payment after all creditors are paid in full. Resp. 7. This assertion is premised on the assumption that Dugaboy's 0.1866% pre-bankruptcy limited

5

partnership interest in Debtor—which was extinguished under the Plan—makes it a contingent beneficiary of the creditor trust created under the Plan. As an initial matter, Dugaboy still does not demonstrate the requisite "causal nexus" between the actual Order being appealed and its purported interest in potential future recovery under the Plan. *Coho*, 395 F.3d at 202. But in any event, such a "speculative prospect of harm is far from a direct, adverse, pecuniary hit" as required to confer standing. *Technicool*, 896 F.3d at 386.

While Dugaboy may have a direct interest in the "proceedings more generally," bankruptcy standing requires that there is a direct, adverse, and pecuniary effect on the appellant, and that the effect is tied to the specific order being appealed. In the absence of any claim to Debtor's estate or direct financial injury flowing from the Order, Dugaboy simply cannot be a "person aggrieved" by the Order. Accordingly, the Court finds that Appellants lack standing and, as a result, this appeal is constitutionally moot.

## IV. CONCLUSION

For the reasons set forth above, Appellee's Motion to Dismiss Appeal as Moot [ECF No. 12] is **GRANTED**, and this appeal is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

SIGNED August 8, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**